

**IT IS ORDERED as set forth below:**

**Date: February 15, 2019**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | CASE NO. **18-60800-PMB** |
| **ABBY BRUCE BRYAN,** | : | |
| | : | CHAPTER 7 |
| Debtor. | : | |
| | : | |
| **THE LAW OFFICES OF ROBERT PAGNIELLO, P.C.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | ADVERSARY PROCEEDING |
| v. | : | |
| | : | NO. **18-5243** |
| **ABBY BRUCE BRYAN,** | : | |
| | : | |
| Defendant. | : | |

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

This matter is before the Court on the *Motion for Entry of Default Judgment* filed by The

Law Offices of Robert Pagniello, P.C. (the "Plaintiff") on December 7, 2018 (Docket No. 9)(the

"Motion"). The Plaintiff initiated this Adversary Proceeding against the Defendant-Chapter 7 Debtor named above (the "Debtor") through the filing of a Complaint on October 1, 2018 (Docket No. 1)(the "Complaint").[1] In the Complaint, the Plaintiff seeks entry of an order and judgment determining that an obligation of the Debtor (the "Consent Obligation") as set forth in a *Final Consent to Judgment* entered in the Superior Court of Gwinnett County, Georgia on October 2, 2017 in the amount of $250,000.00 (the "Consent Judgment"), is nondischargeable under 11 U.S.C. § 523(a)(6). (A copy of the Consent Judgment is attached to the Complaint as Exhibit "A"). The Plaintiff also seeks an award of reasonable attorney's fees and costs of litigation, which the Plaintiff also asks be found to be nondischargeable.

To date, the Debtor has not answered or otherwise responded to the Complaint. Based upon a Request filed by the Plaintiff on November 29, 2018 (Docket No. 6), the Clerk entered a default against the Debtor on November 30, 2018. The Debtor has not moved to set aside the default, and has also failed to respond to the Motion, which is deemed unopposed under Local Rule BLR 7007-1(c).[2]

*Standard of Review*

The entry of a default judgment under Fed.R.Bankr.P. 7055 is discretionary and a defendant's default does not mean there is a basis for entry of a judgment. Rather, a "sufficient

---

[1] This matter constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (I), and this Court has jurisdiction over the proceeding under 28 U.S.C. §§ 1334 and 157.

[2] Because under BLR 9010-4(a) it appears that the Debtor is represented in this matter by counsel, the Court held a status conference on January 22, 2019 at which time appearances were entered by counsel for the Plaintiff and counsel for the Debtor. During this status conference, counsel for the Debtor stated that he had not been in contact with the Debtor, who he believes may be incarcerated, and that he has not been able to locate her. Further, although he has not been authorized to answer any of the allegations of the Complaint, counsel stated that he had no reason to believe they would be opposed.

basis in the pleadings" must be shown and only the "well-pled allegations of fact" can support a default judgment since a default "does not admit conclusions of law." *In re Bohanon*, 2017 WL 2634980, *1 (Bankr. N.D. Ga. June 19, 2017), quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). As explained by the United States Supreme Court, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

*Discussion*

Under 11 U.S.C. § 523(a)(6), a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" may be excepted from discharge.[3] A willful and malicious injury is confined to acts, like intentional torts, that are made with the actual intent to cause injury as opposed to intentional acts resulting in injury. *See Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *see also Hope v. Walker (In re Walker)*, 48 F.3d 1161 (11th Cir. 1995); *Fulton Medical Ctr. v. Demps (In re Demps)*, 506 B.R. 163, 172 (Bankr. N.D. Ga. 2014). This difference is in acknowledgment that reckless conduct resulting in injury and characterized by a complete lack of care or conscious indifference to the result is not sufficient to meet the required legal standard. Section 523(a)(6) only applies when a debtor intends the injury that is caused by her actions. It does not address a debtor's failure to meet a duty of care that leads to the injury. *Washington v. Robinson-Vinegar (In re Robinson-Vinegar)*, 561 B.R. 562, 568 (Bankr. N.D. Ga. 2016), citing *Blosser v. Boggus (Boggus),* 479 B.R. 147, 157 (Bankr.

---

[3] The Plaintiff bears the burden of proving the requisite elements for nondischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

N.D. Ga. 2012)(other citations omitted). In addition, maliciousness has been described as "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." *Walker, supra*, 48 F.3d at 1164 (citations omitted).

As noted in *Henderson v. Woolley (In re Woolley)*, 288 B.R. 294, 301-02 (Bankr. S.D. Ga. 2001), whereas *Geiger, supra,* may appear to have narrowed this subsection to "trespassory intentional torts," the state of mind to be established has been further analyzed. For instance, in *Woolley* the court studied *Walker, supra*, and concluded that evidence of a "debtor's personal substantial certainty" in connection with an injury caused by her actions remains relevant under Section 523(a)(6), as compared to a purely objective or reasonable person test that could pose the "previously rejected 'reckless disregard standard.'" 288 B.R. at 302; quoted in *Robinson-Vinegar, supra*, 561 B.R. at 568, citing *Boggus*, *supra*, 479 B.R. at 157; accord *Miller v. J.D. Abrams, Inc. (In re Miller)*, 156 F.3d 598 (5th Cir. 1998)(permitting either an objective or a subjective finding to establish willful and malicious injury).[4]

The Plaintiff alleges in the Complaint that during the time of Debtor's employment as office manager and bookkeeper, the Debtor abused her position of trust and confidence by stealing money from the Plaintiff through the writing of checks and use of a debit card for her personal benefit. After discovering the alleged theft, the Plaintiff filed suit against the Debtor in the Superior Court of Gwinnett County, Georgia on grounds including Civil Theft, Constructive Trust, Unjust Enrichment, and Breach of Fiduciary Duty (the "Civil Litigation"). The Civil Litigation was settled through the filing of the Consent Judgment as stated above on October 2, 2017, which

---

[4] The Eleventh Circuit Court of Appeals has observed that this question remains an open issue in this circuit. *Kane v. Stewart Tilghman Fox & Bianchi, P.A. (In re Kane)*, 755 F.3d 1285, 1293 (11th Cir. 2014).

produced the Consent Obligation. The Plaintiff thereafter filed a garnishment action, but states nothing was collected. The Plaintiff further states that the Debtor subsequently pled guilty to seven (7) criminal charges of theft based on the conduct described above, and that as part of the sentencing, the Gwinnett County State Court directed the Debtor to pay the Consent Obligation at the rate of $600.00 per month towards her restitution settlement. *See* Final Disposition filed September 14, 2018 (the "Final Disposition")(copy attached to the Complaint as Exhibit "B").[5] The Plaintiff further notes that as stated in her Statement of Financial Affairs (Part 3, Question 6), the Debtor has paid $11,000.00 on the Consent Obligation and still owes a balance of $239,000.00.

On review, the well-pled allegations in the Complaint are sufficient to establish that the Consent Obligation is nondischargeable under Section 523(a)(6). Plaintiff states that the Debtor admits, and has not disputed, her intentional and willful theft of funds from Plaintiff, that she is indebted to the Plaintiff based on such acts, and that she wrongfully removed these funds from the Plaintiff's accounts to harm the Plaintiff. *See* Complaint, ¶¶ 20-24. As such, the Plaintiff has met its burden of demonstrating that the Debtor acted with intent to injure the Plaintiff and its property through the conduct described in the Complaint.[6]

---

[5] The above-styled Chapter 7 case was commenced through the filing of a petition on June 29, 2018, and there is no indication in the record that the automatic stay was modified prior to the entry of the Final Disposition.

[6] Plaintiff also alleges that the Plaintiff's principal lost his home and horse farm due to the Debtor's diversion of funds. The record does not show that the Debtor acted with the intent to cause this particular harm to this individual who is not the named Plaintiff. It is sufficient, however, to establish that the Debtor acted with the requisite intent or substantial certainty that the Plaintiff would suffer loss through her actions. In addition, the Plaintiff offers the Debtor's stipulation in the Consent Judgment that the Consent Obligation is nondischargeable and her waiver of any arguments regarding same as a basis for entry of judgment herein. Such agreements or waivers have been held to be unenforceable since this Court makes the legal determination as to nondischargeability under Section 523(c). *See Hayhoe v. Cole (In re Cole)*, 226 B.R. 647 (9th Cir. B.A.P. 1998); *see also Simmons Cap. Advisors, Ltd. v. Bachinski (In re Bachinski)*, 393 B.R. 522 (Bankr. S.D. Ohio 2008). *Compare Halpern v. First Georgia Bank (In re Halpern)*, 810 F.2d 1061 (11th Cir. 1987)(discussing proper application of collateral estoppel to findings of fact). In any event, the Court concludes that the well-pled allegations of the Complaint are sufficient to support entry of judgment.

With regard to the claim for attorney's fees under O.C.G.A. § 13-6-11, the Plaintiff has not presented evidence of the amount sought or a description of the work on which the fees are based other than to allege that the Debtor has been stubbornly litigious. The Bankruptcy Code does not provide an independent basis for awarding fees to a prevailing creditor under 11 U.S.C. § 523. *See In re Koukhtiev*, 576 B.R. 107, 135 (Bankr. S.D. Tex. 2017). Further, although there is authority for awarding fees in limited instances as allowed by another statute or by contract, they must stem from the same basis as the nondischargeable debt itself. *See In re Kakal*, 2019 WL 332705, *5 (Bankr. S.D. Texas Jan. 24, 2019), citing *In re Kirk*, 525 B.R. 325, 331 (Bankr. W.D. Tex. 2015).

Here, it has not been shown that the attorney's fees sought by the Plaintiff arise from the willful and malicious conduct forming the basis of the nondischargeability claim. They were not awarded by the state superior court in connection with the Civil Litigation. Instead, they are claimed on grounds of the Plaintiff's efforts to enforce the Consent Obligation and the Debtor's refusal to honor her stipulation regarding same. Thus, a sufficient basis has not been offered to support either an award of attorney's fees or a ruling that same are nondischargeable under Section 523(a)(6).

Accordingly, in light of the foregoing, it is

**ORDERED** that the Motion be, and the same hereby is, **GRANTED IN PART and DENIED IN PART,** as set forth below:

1. The Consent Obligation is excepted from discharge and found to be nondischargeable under 11 U.S.C. § 523(a)(6).

2.	The Plaintiff's request for attorneys' fees is denied, as is the request to have such an award declared nondischargeable.

3.	Judgment will issue accordingly.

The Clerk is directed to serve a copy of this Order upon counsel for the Plaintiff, the Debtor, counsel for the Debtor (Kevin J. Pratt, Kevin J. Pratt, PC, Suite D, 3461 Lawrenceville-Suwanee Road, Suwanee, GA 30024), the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**